UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIOMA BURKS,<br><br>        Plaintiff,<br><br>    v.<br><br>VINCE CASO,<br><br>        Defendant. | No. 2:17-cv-00894-MCE-DB<br><br><br><br>**ORDER** |

On April 27, 2017, Plaintiff Dioma Burks filed a Complaint in this Court alleging fourteen causes of action against Defendant Vince Caso related to conditions of and rental payments for the home Plaintiff rents, and also related to the imminent eviction of Plaintiff from that rental property. ECF No. 1. It appears Plaintiff's primary allegations are that Defendant increased rent and utilities without providing notice, charged extra rent, accepted "side payments," provided improper notices to pay or quit, retaliated against Plaintiff, forged the rental agreement, and failed to correct what were uninhabitable living conditions. ECF No. 1. Plaintiff's Complaint additionally seeks a preliminary injunction and/or temporary restraining order, presumably preventing Defendant from evicting Plaintiff from the home. ECF No. 1. The Court addresses what it construes as Plaintiff's request for temporary restraining order in more detail below and, for the reasons set forth hereafter, that request is DENIED.

As a preliminary matter, Eastern District Local Rule 231 governs Temporary Restraining Orders. Rule 231(a) provides that "except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." E.D. Cal. Local R. 231(a) (citing Fed. R. Civ. P. 65(b)). Rule 231(c) additionally requires the filing of, among other things, "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given." Id. 231(c)(5).

Furthermore, subsection (b) of Rule 231 states that "[i]n considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last minute relief by motion for temporary restraining order. Should the Court find that the application unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." Id. 231(b).

Finally, subsection (c) lists the documents to be filed by a party seeking a temporary restraining order. Id. 231(c). Under that rule, "[n]o hearing on a temporary restraining order will normally be set unless" certain documents are provided to the Court and to the affected parties or their counsel. Id. Those documents are: (1) a complaint; (2) a motion for a temporary restraining order; (3) a brief on all relevant legal issues presented by the motion; (4) an affidavit in support of the existence of an irreparable injury; (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given; (6) a proposed temporary restraining order with a provision for a bond; (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance; and (8) where the temporary restraining order is requested ex parte, the proposed order shall further notify the affected party of the right to apply to the Court for

modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. Id.

In the present case, Plaintiff has failed to meet the requirements of Rule 231. First, although Plaintiff indicates that she provided notice of the temporary restraining order to Defendant, she has not filed the required affidavit establishing as much. Additionally, though Plaintiff also indicates in her papers that she will suffer irreparable harm absent the requested relief, she has not filed this required affidavit either. Lastly, it appears to the Court that Plaintiff has delayed in bringing this action, cutting against any imminency argument. The most recent three-day notice to pay or quit was served on Plaintiff in February 2017, and the unlawful detainer that appears to have sparked Plaintiff's present suit was filed in Sacramento County Superior Court on March 10, 2017. The Court is therefore not convinced that Plaintiff is justified in now—more than a month and a half later—seeking emergency relief. Plaintiff's argument that she was unaware that the unlawful detainer was proceeding forward is not convincing. For these reasons alone, Plaintiff's request may be denied.

As for the merits of Plaintiff's motion, the purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the

same.  Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter).  The propriety of a temporary restraining order hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the Plaintiff demonstrates the requisite likelihood of irreparable harm and shows that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiff's favor.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

As indicated above, the Court is not convinced that Plaintiff has met this standard.  Specifically, nothing in Plaintiff's Complaint indicates that the threat of Plaintiff losing her home is imminent such that the extreme remedy of a temporary restraining order is justified.  Moreover, it appears to the Court that Plaintiff has delayed in bringing this action in the first place, which, again cuts against any imminence finding.  For these additional reasons, Plaintiff's request may be denied.

Lastly, the Court finds Plaintiff has not established a likelihood of success on the merits of her claims, nor has she raised serious questions going to their merits.  To the contrary, the Court is unclear as to what claims Plaintiff pursues or the bases for those claims.  As best as this Court can tell, it appears Plaintiff alleges what may amount to affirmative defenses to Defendant's pending unlawful detainer action, rather than a

potentially successful separate federal suit.  For this additional reason, Plaintiff's request is denied.

Given the denial of Plaintiff's temporary restraining order request, the Court going forward will construe Plaintiff's motion at ECF No. 1 as a motion for preliminary injunction.  Due to the pendency of the unlawful detainer in state court, however, Plaintiff is ordered to show cause in writing on or before **May 8, 2017** as to why this case should not be dismissed for lack of jurisdiction.  Any response from Defendant shall be filed on or before **May 15, 2017**.  If the Court desires a hearing on this matter, such hearing will take place on **May 18, 2017**, at 2:00 PM in Courtroom 7.  Plaintiff shall provide notice of this order, briefing schedule, and date and time for hearing to Defendant by **May 3, 2017**.

IT IS SO ORDERED.

Dated:  May 2, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE