UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIOMA BURKS, | No. 2:17-cv-00894-MCE-DB |
| Plaintiff, | |
| v. | **ORDER** |
| VINCE CASO, | |
| Defendant. | |

On April 27, 2017, Plaintiff Dioma Burks filed a Complaint in this Court alleging fourteen causes of action against Defendant Vince Caso[1] related to conditions of and rental payments for the home Plaintiff rents and also related to the eviction of Plaintiff from that same property. ECF No. 1. It appears Plaintiff's primary allegations are that Defendant increased rent and utilities without providing notice, charged extra rent, accepted "side payments," provided improper notices to pay or quit, retaliated against Plaintiff, forged the rental agreement, and failed to correct what were uninhabitable living conditions. ECF No. 1. Plaintiff's Complaint additionally seeks a preliminary injunction and/or temporary restraining order ("TRO"), presumably preventing Defendant from evicting Plaintiff from the home. ECF No. 1.

---

[1] It appears that Plaintiff may intend to assert causes of action against Access Real Estate and/or Kelly Wyler, as well as Fedliz Caso, but only Vince Caso is presently named in the caption.

The Court denied Plaintiff's request for TRO by Order dated May 3, 2017, ECF No. 3, noting that Plaintiff failed to meet the requirements of Eastern District Local Rule 231, failed to establish that there was an imminent threat of harm that could be cured by issuance of a TRO, and failed to establish a likelihood of success on the merits of her underlying claims. The Court further ordered Plaintiff to show cause in writing on or before May 8, 2017, as to why the case should not be dismissed for lack of jurisdiction due to what appeared to be a then-pending unlawful detainer action in Sacramento Superior Court. Id. Defendant was ordered to respond by May 15, 2017, and the Court tentatively set a hearing on the matter for May 18, 2017. Id. Absent a response from Defendant, the Court issued a Minute Order on May 16, 2017, conveying that a hearing on the matter would be unnecessary, and that a formal order would issue. ECF No. 5. That order follows.

Plaintiff's May 8 filing helped to clarify a number of issues that were previously not clear to the Court. First, Plaintiff provides that she was subjected to eviction beginning May 2, 2017, and also attaches to her filing the relevant Writ of Possession issued by the Sacramento Superior Court on April 6, 2017. Second, Plaintiff has attempted to clarify that her claims against Defendant include wrongful eviction, improper rent increase, premature "opt out" of Section 8 in violation of Defendant's agreement with the Sacramento Housing and Redevelopment Agency ("SHRA") to provide subsidized housing, inadequate notice of that opt out, and violation of the Fair Housing Act ("FHA") as a result of (1) the disparate impact of Defendant's conduct and (2) Defendant's failure to affirmatively further the goals of fair housing.

Despite these clarifications, however, Plaintiff has failed to address the impact of the related unlawful detainer action—which has been adjudicated in Sacramento County Superior Court, Case No. 17UD01426—on her present action in this Court. The Court therefore raises this issue sua sponte and, for the reasons explained below, finds that collateral estoppel bars relitigation of Plaintiff's present claims. Plaintiff's action is therefore DISMISSED in its entirety.

The Full Faith and Credit Act requires federal courts to give preclusive effect to judgments issued by state courts where those judgments would be given preclusive effect in state proceedings. See 28 U.S.C. § 1738. The Court applies California law to determine whether a previous judgment precludes Plaintiff's present claims. Coates v. Singh, Case No. 1:14-cv-1910-LJO-SKO, 2016 WL 110442, at *4 (E.D. Cal. Jan. 11, 2016). Under California law, collateral estoppel (or issue preclusion) provides "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." People v. Santamaria, 8 Cal. 4th 903, 930 (1994). In order for collateral estoppel to apply, the following factors must be met: (1) the issue sought to be precluded is identical to an issue necessarily decided in a previous proceeding; (2) the decision rendered was final and on the merits; and (3) the party against whom preclusion is sought was a party to or is in privity with a party to the previous proceeding. Thomas v. Housing Authority of the County of Los Angeles, No. CV 04-6970 MMM (RCx), 2005 WL 6136432 (C.D. Cal. June 3, 2005), citing Cosia v. McKenna & Cuneo, 25 Cal. 4th 1194, 1201, n. 1 (2001); Heath v. Cast, 813 F.2d 254, 258 (9th Cir. 1987); see also Lucido v. Super. Ct., 51 Cal. 3d 335, 341 (1990). Underlying public policy concerns—such as judicial economy, the integrity of the justice system, and protection from vexatious litigants—are also considered. Lucido, 51 Cal. 3d at 343. It appears from the limited filings that factors (2) and (3) are satisfied; the Court discusses the first factor more fully below.[2]

Although a judgment in unlawful detainer usually has limited preclusive effect, see Coates, 2016 WL 110442, at *6, "[a] final judgment on the merits in an unlawful detainer action has preclusive effect with respect to the tenant's right to possession of the premises." Thomas, 2005 WL 6136432, at *6. "Because an unlawful detainer action

---

[2] Because only Vince Caso—one of two plaintiffs in the underlying unlawful detainer—is named as a defendant in this action, the Court finds this requirement is met. The possible addition of Fedliz Caso, the other Plaintiff to the unlawful detainer, would not change this determination. Access Real Estate and Kelly Wyler do not appear to be parties to the unlawful detainer but, because they are not named in the present suit the Court makes no determination regarding potential privity between Vince Caso and Access Real Estate.

determines the tenant's right to possession of the premises, a final judgment on the merits in the action precludes relitigation of any issues that are determinative of the tenant's right to possession. This includes affirmative defenses relating to possession . . . " and "[a]mong such defenses are discriminatory eviction and violation of the fair housing laws." Id. at *8.

In the present case, the Court is unable to identify a single cause of action that is not directly determinative of Plaintiff's right to possession, which right was finally adjudicated in Defendant's unlawful detainer against Plaintiff in Superior Court. Specifically, Plaintiff's complaint and motions for preliminary injunction, taken together, allege poor conditions of her rental, increases in rent, breach of Defendant's agreement with SHRA, wrongful eviction, and violations of the FHA. Plaintiff seeks to enjoin Defendant from evicting her from the property, or presumably, seeks an order reinstating her right to possess the property from which she has already been evicted. Because each of these claims and the requested relief address issues that are determinative of Plaintiff's right to possess the property, the Court finds these issues to be identical to those issues necessarily decided in Defendant's previous unlawful detainer.

Because all three factors have thus been satisfied, the Court finds Plaintiff's present action to be barred by collateral estoppel. See id. Consequently, Plaintiff's action is DISMISSED in its entirety, and any related motion for preliminary injunction is hereby DENIED as moot.[3] Plaintiff is directed to review and comply with any orders from the Superior Court regarding her unlawful detainer.

IT IS SO ORDERED.

Dated: May 24, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] The Court further notes that Plaintiff has another case currently pending in Sacramento Superior Court, Case No. 34-2016-00201468 against Access Real Estate.